**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SERGIO ALFONSO ARREOLA-ARREOLA, | No. 15-71122 |
| Petitioner, | Agency No. A011-434-117 |
| v. | MEMORANDUM[*] |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2018
San Francisco, California

Before: HAWKINS, BEA, and N.R. SMITH, Circuit Judges.

Sergio Alfonso Arreola-Arreola, a native and citizen of Mexico, petitions for

review of the order of the Board of Immigration Appeals, which dismissed his

appeal from an immigration judge's denial of his motion to reopen his 1998

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

removal proceedings.[1]  We have jurisdiction under 8 U.S.C. § 1252.  We grant the petition for review.

The Board abused its discretion in rejecting Arreola-Arreola's motion to reopen.  *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (holding that equitable tolling is available "when a petitioner is prevented from filing [a motion to reopen] because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error").  Arreola-Arreola asserted he was prevented from filing a timely motion to reopen based on two separate incidents of ineffective assistance of counsel.  The Board rejected Arreola-Arreola's claim, finding that Arreola-Arreola's first counsel did not provide ineffective assistance of counsel and, in light of no error by his first counsel, that his second counsel's performance was not prejudicial.[2]

The Board failed to address all of the issues raised with regard to whether Arreola-Arreola's first counsel provided ineffective assistance of counsel.  The Board properly concluded that Arreola-Arreola's first counsel's advice—that an appeal to the Board would likely have been unsuccessful—was reasonable under

---

[1] Respondent's unopposed motion to supplement the record is GRANTED.

[2] Because the Board concluded that there was no deception, fraud, or error, it did not reach the issue of whether Arreola-Arreola was diligent in discovering his counsels' alleged ineffective assistance of counsel.

the circumstances. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). However, the Board failed to address whether Arreola-Arreola's first counsel's advice that he could not appeal to the Ninth Circuit was ineffective assistance of counsel. Because "this court cannot affirm the [Board] on a ground upon which it did not rely,"[3] *Navas v. INS*, 217 F.3d 646, 658 n.16 (9th Cir. 2000), we must remand for the Board to address this issue in the first instance, *INS v. Ventura*, 537 U.S. 12, 17–18 (2002) (per curiam).

Because remand is required to determine whether Arreola-Arreola's first counsel was ineffective, we are unable to determine whether Arreola-Arreola's second counsel's performance was prejudicial. Therefore, we also remand this issue for the Board to reevaluate after it makes a final determination of Arreola-Arreola's first counsel's performance. The Board should also consider Arreola-Arreola's argument that the pendency of his two reinstated removal orders tolled the limitations period until those orders were vacated.[4]

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

[3] The statement that Arreola-Arreola could not appeal the immigration judge's decision to the Ninth Circuit could be interpreted to mean that he could not appeal the decision *directly* to the Ninth Circuit. However, the Board did not engage in any analysis of this statement, thus it did not make any such interpretation.

[4] In light of our disposition, we need not address the remaining issues raised on appeal.